# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| ZACHARY DENOIS BILLINGS | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 5:19-cv-0637-LCB |
| LAWRENCE COUNTY DHR, *et al.,* | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Zachary Denois Billings, appearing *pro se,* filed a complaint alleging that he was wrongfully convicted of second-degree rape in the Circuit Court of Lawrence County, Alabama. As best the Court can determine, Billings is attempting to raise a claim pursuant to 42 U.S.C. § 1983[1], by alleging that state officials, including prosecutors, police officers, and employees of a child advocacy center, violated his constitutional rights by withholding exculpatory evidence and using perjured testimony at his trial. In addition to monetary damages, Billings seeks to "be cleared of all charges with a protection order in place for life from any retaliation from Lawrence County Police Department or Judital (sic) System." (Doc. 5, p. 4).

---

[1] In his amended complaint, Billings does not identify any specific federal statutes or Constitutional provisions. However, in his original complaint, Billings checked a box indicating that the basis of federal jurisdiction was a Constitutional or federal question. (Doc. 1). Billings also states that he has been released from prison. Therefore, he is not seeking habeas relief.

Billings named five defendants in his complaint: the Lawrence County DHR, the Florence Child Advocacy Center, the Lawrence County Prosecutor's Office, the Lawrence County Police Department, and attorney Donald Chapman.  Before the Court are motions to dismiss filed by the Lawrence County Department of Human Resources (Doc. 19), the Cramer Children's Center[2] (Doc. 22), and Donald Chapman (Doc. 12).

**I.     Discussion**

Billings's complaint does not set out a clear legal theory upon which he bases his claims.  As noted above, Billings appears to be attempting to raise a claim that his constitutional rights were violated pursuant to 42 U.S.C. § 1983.  Billings alleged that various state officials, including police, prosecutors, and employees of the child advocacy center, made false statements and concealed favorable evidence in order to secure Billings's conviction for second-degree rape.  Billings also appears to allege that there was a variance in the indictment and the evidence presented at trial.  Thus, Billings's claim for relief hinges on his contention that he was innocent of the charges and wrongfully convicted.  The Court will now address each motion in turn.

**A. The Cramer Children's Center's Motion (Doc. 22)**

---

[2] Defendant Cramer Children's Center states that it was formerly known as the Northwest Alabama Children's Advocacy Center and that it was incorrectly named in the complaint as the Florence Child Advocacy Center.

In *Heck v. Humphreys*, 512 U.S. 477 (1994), the United States Supreme Court addressed a § 1983 claim in which a prisoner challenged the constitutionality of his conviction and sought monetary damages. Like Billings, the plaintiff in *Heck* asserted that police and prosecutors, acting under color of state law, had, among other things, "engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to petitioner's arrest [and] 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence'…." *Heck*, 512 U.S. at 479. The Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486-87 (footnotes omitted).

Billings did not allege that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." In fact, the Cramer Children's Center attached to its motion an opinion from the Alabama Court of Criminal Appeals indicating that Billings's conviction was affirmed on direct appeal; that the trial court denied his petition for postconviction relief; and that the Alabama Court of Criminal Appeals affirmed that denial.

A favorable judgement for Billings in this case would necessarily invalidate his state conviction. Granting the relief he seeks would thus contradict the purpose of the rule in *Heck*, i.e., "to limit the opportunities for collateral attack on state court convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues." *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) *citing Heck*, 512 U.S. at 484-85. Therefore, the Court must dismiss Billings's § 1983 claim because he has not alleged that his conviction has been invalidated. Accordingly, he has failed to state a claim for which relief can be granted, and this case is due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). To the extent Billings is attempting to have this Court review his state conviction on some other ground, this Court has no such jurisdiction. Therefore, dismissal pursuant to Fed. R. Civ. P. 12(b)(1) would be required in that instance. Accordingly, the Cramer Children's Center's motion to dismiss (Doc. 22) is due to be granted.

**B. The Lawrence County Department of Human Resources' Motion (Doc. 19)**

The claims against the Lawrence County Department of Human Resources are also due to be dismissed under *Heck* as explained in the previous section. Additionally, as argued by the Lawrence County Department of Human Resources, Billings's claims against it are due to be dismissed because "[42 U.S.C. ]§ 1983 creates no remedy against a State." (Doc. 20), *quoting Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). Accordingly, the Department's motion (Doc. 19) is due to be granted on that ground.

To the extent Billings is attempting to raise some other claim besides a § 1983 claim, the Lawrence County Department of Human Resources is correct in its assertion that it is entitled to sovereign immunity. (Doc. 20, p. 3-5) *quoting Burgoon v. Ala. State Dep't of Human Res.*, 835 So. 2d 131, 133 (Ala. 2002)("[A] county department of human resources is considered to be a State agency for purposes of asserting the defense of sovereign immunity.") Thus, the Department's motion to dismiss is due to be granted on that ground as well.

**C. Donald Chapman's Motion (Doc. 12)**

Billings also named an attorney, Donald Chapman, as a defendant. Chapman filed a motion to dismiss in which he correctly asserted that Billings failed to allege any actions Chapman allegedly took or failed to take that would have caused Billings

5

to be wrongfully convicted or to suffer any damages whatsoever. At best, it appears that Billings may be alleging that Chapman was a witness to some of the alleged wrongful conduct. Thus, it is unclear whether Billings intended to claim that Chapman acted under color of state law or whether he is allegedly liable under some other theory. Nevertheless, Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint is due to be dismissed if it fails to state a claim for which relief can be granted. Because Billings failed to recite any actual allegations against Chapman, his complaint is due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) insofar as it relates to Chapman. Accordingly, Chapman's motion (Doc. 12) is due to be granted.

**D. The Lawrence County Police Department and the Lawrence County Prosecutor's Office**

As noted, Billings named five defendants in his complaint. The record reveals that two of the defendants, the "Lawrence County Prosecutor's Office" and the "Lawrence County Police Department," were served on September 30, 2019, and October 1, 2019, respectively. (Docs. 10 and 11). The Court recognizes that those entities, as named, do not appear to exist. However, the Court finds that the plaintiff likely intended to name the Lawrence County District Attorney's Office and the Lawrence County Sheriff's Office as defendants, but was simply mistaken as to their proper names. Despite what appears to be otherwise proper service, neither of those

defendants has responded to the complaint, and Billings has not moved for a Clerk's entry of default pursuant to Rule 55 of the Federal Rules of Civil Procedure. A separate order will be entered regarding those defendants.

## II. Conclusion

For the foregoing reasons, the Cramer Children's Center's motion to dismiss (Doc. 22) is **GRANTED**; the Lawrence County Department of Humans Resources' motion to dismiss (Doc. 19) is **GRANTED**; and Donald Chapman's motion to dismiss (Doc. 12) is **GRANTED**  Accordingly, all claims against the Cramer Children's Center, the Lawrence County Department of Human Resources, and Donald Chapman are **DISMISSED WITH PREJUDICE**. A separate order will be entered regarding the Lawrence County Police Department and the Lawrence County Prosecutor's Office.

**DONE** and **ORDERED** May 14, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE